**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000061**
**03-MAY-2012**
**10:00 AM**

NO. CAAP-11-0000061

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STEVE CARRILLO and MELODY CARRILLO,
Plaintiffs-Appellants/Cross-Appellees,
v.
RE/MAX KAUAI and ELAINE SCHAEFER,
Defendants-Appellees/Cross-Appellants
and
VISION PROPERTIES, INC,
Defendant/Third-Party Plaintiff-Appellee
and
MONA EWALD, BARBARA SMITH, et al,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 07-1-0021)

MEMORANDUM OPINION
(By:  Foley, Presiding J., Leonard and Ginoza, JJ.)

Plaintiffs-Appellants/Cross-Appellees Steve and Melody Carrillo (Plaintiffs) appeal from the "Order (1) Granting in part and denying in part Plaintiffs' motion to confirm arbitration award and for entry of judgment, filed July 27, 2010, and (2) Granting in part and denying in part Defendants Re/Max Kauai and Elaine Schaefer's cross-motion to vacate, modify, correct and/or clarify partial final award of arbitrator dated April 15, 2010 and final award of arbitrator, dated June 24, 2010, filed August 12, 2010" (Order) filed in the Circuit Court of the Fifth

Circuit[1] (circuit court) on December 20, 2010.[2] The circuit court granted Plaintiffs' motion "to the extent that the Partial Final Award of Arbitrator, dated April 15, 2010 is confirmed in favor of Plaintiffs and against Re/Max and Vision [Properties, Inc.] in the total amount of . . . []$542,087.57[] and the Final Award of Arbitrator, dated June 24, 2010 is confirmed in favor of Plaintiffs and against Re/Max and Vision [Properties, Inc.] in the total amount of . . . []$150,996.70[]; but is denied in all other respects." The circuit court granted the Cross-Motion of Defendants-Appellees/Cross-Appellants Re/Max Kaua'i and Elaine Schaefer (collectively, Re/Max) "to the extent of clarifying that the Final Award of Arbitrator, dated June 24, 2010, awards Plaintiffs attorneys' fees and costs in the total amount of . . . []$150,996.70[] which shall be paid by Re/Max and Vision [Properties, Inc.] in equal amounts of . . . []$75,498.35[] each, but is denied in all other respects."

On appeal, Plaintiffs contend:

(1) The circuit court erred in concluding retired Judge Patrick K.S.L. Yim (Arbitrator) intended to apportion the award of attorney's fees and costs equally between Re/Max and Defendant/Third-Party Plaintiff-Appellee Vision Properties, Inc. (Vision) and did not intend the award to be a joint and several obligation.

(2) Assuming *arguendo* the Final Award was ambiguous or otherwise inconsistent with the Partial Final Award of Arbitrator (Partial Award), the circuit court erred in not remanding the issue of apportionment of attorney's fees and costs to Arbitrator for clarification.

---

[1] The Honorable Randal G.B. Valenciano presided.

[2] Hawaii Revised Statutes (HRS) § 658A-28(a) (Supp. 2010) authorizes, *inter alia*, an appeal from an order confirming or denying confirmation of an award, or a final judgment. Thus, the parties may appeal from the order, even though it has not been reduced to a final judgment.

On cross-appeal, Re/Max contends the circuit court erred when it failed to vacate, modify, correct, or clarify Arbitrator's awards despite the evidence Arbitrator exceeded his scope of authority

(1) as established and defined by the Settlement Agreement and the "Stipulation Regarding the Scope of the Arbitration" (Stipulation);

(2) by not applying the provisions of the Settlement Agreement that delineated and limited the items and amounts of damages that comprised the "Carrillo Reimbursement" as defined in paragraph 4B of the Settlement Agreement;

(3) by not applying the provisions of the Settlement Agreement that provided for certain set-offs for advance payments and rental income received by Plaintiffs;

(4) by granting damages for "loss of value" of the Property, which was not provided for as an item of damages in the Settlement Agreement and was not shown to be proximately caused by the acts or omissions of Re/Max; and

(5) by imposing joint and several liability against Re/Max in the absence of any tort claims at arbitration.

## I.  BACKGROUND

On May 25, 2004, Plaintiffs submitted an offer on real property (Property) on the island of Kaua'i through Vision and its real estate agent, Barbara Smith (Smith).[3]  The owner of the Property, Mona Ewald (Ewald),[4] accepted Plaintiffs' counter-offer through Re/Max and its real estate agent, Elaine Schaefer. Escrow closed on August 4, 2004.

---

[3]  On June 13, 2007, the circuit court filed a "Final Order of Dismissal (Rule 28)(Initial Complaint 02-14-2007) As to: Smith, Barbara." Smith is not a party to this appeal and cross-appeal.

[4]  Ewald did not appear or otherwise defend against this action. Default was apparently entered against her on or about April 30, 2007, although no default judgment was ever entered. Ewald is not a party to this appeal and cross-appeal.

On August 24, 2004, Plaintiffs allegedly "discovered for the first time that there were serious County Code violations, including illegal dwelling units, additions/alterations and placement of kitchen facilities." Plaintiffs alleged these violations impacted their ability to lease the rental units and generate anticipated income. In December 2005, following mediation, Plaintiffs, Ewald, Re/Max, and Vision entered into a Settlement Agreement. Re/Max and Vision agreed to co-list the Property for sale, cooperate with Plaintiffs in bringing the Property up to code, advance $10,000 each to Plaintiffs (Advance Payments), and reimburse Plaintiffs for various costs associated with the purchase and ownership of the Property and legal proceedings. There was to be a set-off for monies received by Plaintiffs for rental income, mortgage interest deductions, and the Advance Payments.

On February 14, 2007, Plaintiffs filed a complaint in circuit court, claiming Re/Max and Vision had breached the Settlement Agreement. Plaintiffs sought compensatory and punitive damages against Re/Max and Vision, jointly and severally, in connection with the purchase, maintenance, and holding of the Property. On May 27, 2009, Re/Max, joined later by Vision, moved to compel binding arbitration pursuant to the Settlement Agreement. On July 13, 2009, the circuit court filed an order compelling arbitration.

The parties selected Arbitrator, met for a status conference, and on September 16, 2009 entered into the Stipulation regarding the scope of the arbitration and Arbitrator's authority. The Stipulation had the effect of expanding the scope of arbitration beyond that provided in the Settlement Agreement. On April 15, 2010, Arbitrator issued his Partial Award, addressing the issues of who breached the Settlement Agreement and what damages or remedies were to be awarded the non-breaching party. He reserved his jurisdiction to

award attorney's fees and costs after submission of Plaintiffs' fees and costs request and Re/Max's and Vision's objections.

On May 5, 2010, Re/Max filed a "Motion for Modification, Correction and Clarification of [Partial Award]," which Arbitrator denied on the grounds the motion was an attempt to re-argue and re-litigate the case.

On June 24, 2010, Arbitrator issued the Final Award, awarding attorney's fees and costs to Plaintiff, with Re/Max and Vision directed to each pay half the total amount.

On July 27, 2010, Plaintiffs filed their "Motion to Confirm Arbitration Award and for Entry of Judgment" (Motion to Confirm). On August 12, 2010, Re/Max filed their "Cross-Motion to Vacate, Modify, Correct and/or Clarify [Partial Award] and [Final Award]" (Cross-Motion).

On September 2, September 23, and November 16, 2010, the circuit court heard oral argument on Plaintiffs' Motion to Confirm and Re/Max's Cross-Motion. On October 6, 2010, the circuit court entered an order granting Re/Max's motion to obtain clarification from Arbitrator as to the disposition of the Property. Arbitrator clarified his intent that Plaintiffs retain ownership and possession of the Property in addition to receiving any monetary awards.

The circuit court entered its Order on December 20, 2010. Plaintiffs timely filed their appeal on January 18, 2011. Re/Max timely cross-appealed on February 2, 2011.

## II. STANDARDS OF REVIEW

### A. ARBITRATION AWARD

The appellate court reviews "the circuit court's ruling on an arbitration award de novo" and is also "mindful that the circuit court's review of arbitral awards must be extremely narrow and exceedingly deferential." Tatibouet v. Ellsworth, 99 Hawai'i 226, 233, 54 P.3d 397, 404 (2002) (internal quotation marks, citation, and brackets omitted).

5

The appellate court's review of arbitration awards is guided by the following principles:

> It is well settled that because of the legislative policy to encourage arbitration and thereby discourage litigation, judicial review of an arbitration award is confined to the strictest possible limits. As such, a court has no business weighing the merits of the arbitration award. Indeed, the legislature has mandated that a court may vacate an arbitration award only on the four grounds specified in HRS § 658-9, [5] and may modify or correct an award only on the three grounds specified in HRS § 658-10. Therefore, HRS § 658-8 contemplates a judicial confirmation of the award issued by the arbitrator, unless the award is vacated, modified, or corrected in accord with HRS §§ 658-9 and 658-10.
>
> Based upon the policy limiting judicial review of arbitration awards, [the Hawai'i Supreme Court] has held that parties who arbitrate a dispute assume all the hazards of the arbitration process including the risk that the arbitrators may make mistakes in the application of law and in their findings of fact. Where arbitration is made in good faith, parties are not permitted to prove that an arbitrator[] erred as to the law or the facts of the case.

Id. (internal quotation marks, citations, ellipses, and brackets in original omitted) (quoting Wayland Lum Constr., Inc. v. Kaneshige, 90 Hawai'i 417, 421, 978 P.2d 855, 859 (1999)).

B.    SCOPE OF ARBITRATOR'S AUTHORITY

"The scope of an arbitrator's authority is determined by agreement of the parties. An arbitrator must act within the scope of the authority conferred upon him by the parties and cannot exceed his power by deciding matters not submitted." Clawson v. Habilitat, Inc., 71 Haw. 76, 78, 783 P.2d 1230, 1231 (1989). "[W]here an arbitrator has exceeded his or her powers by deciding matters not submitted, [the Hawai'i Supreme Court] has held, pursuant to HRS § 658-9(4), [6] that the resulting arbitration award must be vacated." Tatibouet, 99 Hawai'i at 235, 54 P.3d at 406.

---

[5]   HRS Chapter 658 was repealed in 2001 when the Hawai'i Legislature adopted Chapter 658A, based on the Uniform Arbitration Act. 2001 Haw. Sess. Laws Act 265, § 1 at 810 & § 5 at 820. The former § 658-9 (Vacating Award) is now § 658A-23, § 658-8 (Award and Confirming Award) was split into § 658A-19 and § 658A-22, and § 658-10 (Modifying or Correcting Award) is now § 658A-24.

[6]   Now HRS § 658A-23(4). See supra note 5.

## III. DISCUSSION

### A. Plaintiffs' Appeal

On appeal, Plaintiffs argue when viewed in light of the Settlement Agreement, the Stipulation, and the Partial Award, the language of the Final Award is not ambiguous as to whether Re/Max is jointly and severally liable for payment of attorney's fees and costs. Plaintiffs argue Re/Max must pay the total amount if Vision is unable to pay its portion. Finding otherwise would suggest an ambiguity, in which case the circuit court should have referred the matter back to Arbitrator for clarification.

Re/Max asserts the terms of the Final Award are unambiguous and where terms are clear and unambiguous, the court "should look no further than the four corners of the document." Additionally, argues Re/Max, even though Arbitrator states Re/Max and Vision "shall pay to the Plaintiffs the total amount," Arbitrator then specifies each "shall pay to the Plaintiffs one half of the total amount." Re/Max contends where there is a general directive and a specific directive, the specific directive should be followed.

"We review the circuit court's ruling on an arbitration award de novo, but we also are mindful that the circuit court's review of arbitral awards must be extremely narrow and exceedingly deferential." Tatibouet, 99 Hawai'i at 233, 54 P.3d at 404 (internal quotation marks, citations, and brackets omitted). "[B]ecause of the legislative policy to encourage arbitration and thereby discourage litigation, judicial review of an arbitration award is confined to the strictest possible limits." Id. "[W]here the parties agree to arbitrate, they thereby assume all the hazards of the arbitration process, including the risk that the arbitrators may make mistakes in the application of law and in their findings of fact." Kona Village Realty, Inc. v. Sunstone Realty Partners, XIV, LLC, 121 Hawai'i 110, 112, 214 P.3d 1100, 1102 (App. 2009) (quoting Schmidt v.

Pac. Benefit Servs., Inc., 113 Hawai'i 161, 165-66, 150 P.3d 810, 814-15 (2006)).

The circuit court will confirm an arbitration award unless certain grounds are met to support a decision to vacate, modify, correct, or clarify. Kona Village Realty, 121 Hawai'i at 112-13, 214 P.3d at 1102-03. "Under HRS Chapter 658A, an arbitration award can be vacated only on the six grounds specified in HRS § 658A-23(a),[7] and modified and corrected only on the three grounds specified in HRS § 658A-24."[8] Kona Village

---

[7] HRS § 658A-23(a) (Supp. 2011) provides:

§658A-23 **Vacating award.** (a) Upon motion to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if:

(1) The award was procured by corruption, fraud, or other undue means;

(2) There was:

(A) Evident partiality by an arbitrator appointed as a neutral arbitrator;

(B) Corruption by an arbitrator; or

(C) Misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;

(3) An arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy, or otherwise conducted the hearing contrary to section 658A-15, so as to prejudice substantially the rights of a party to the arbitration proceeding;

(4) An arbitrator exceeded the arbitrator's powers;

(5) There was no agreement to arbitrate, unless the person participated in the arbitration proceeding without raising the objection under section 658A-15(c) not later than the beginning of the arbitration hearing; or

(6) The arbitration was conducted without proper notice of the initiation of an arbitration as required in section 658A-9 so as to prejudice substantially the rights of a party to the arbitration proceeding.

[8] HRS § 658A-24 provides, in relevant part:

§658A-24 (Supp. 2011) **Modification or correction of award.** (a) Upon motion made . . . after the movant receives notice of a modified or corrected award pursuant to section 658A-20, the court shall modify or correct the award if:

(1) There was an evident mathematical miscalculation or an

8

Realty, 121 Hawai'i at 113, 214 P.3d at 1103. There are also two non-statutory exceptions to confirmation: "one, to allow remand to the arbitrator to clarify an ambiguous award; another, to allow vacation of an arbitration award clearly violative of public policy." Gepaya v. State Farm Mut. Auto. Ins. Co., 94 Hawai'i 362, 365, 14 P.3d 1043, 1046 (2000) (internal citations omitted).

"Ambiguity is said to exist when there is doubt as to the meaning of written words." Gov't Employees Ins. Co. v. Franklin for Franklin, 66 Haw. 384, 386, 662 P.2d 1117, 1119 (1983). When an award is ambiguous, the circuit court is authorized, pursuant to HRS § 658A-20 (Supp. 2011),[9] to remand the case back to the arbitrator for clarification. United Public Workers, AFSCME, Local 646, AFL-CIO v. Dawson Intern., Inc., 113 Hawai'i 127, 147, 149 P.3d 495, 515 (2006); see also Weinberg v. Silber, 140 F.Supp.2d 712, 722 (N.D. Tex. 2001) ("[W]hen statements or directives in an arbitration award are ambiguous, remand to the arbitrator for clarification is proper.").

The power of the court to remand an ambiguous award to the arbitrator for clarification reflects the "policy in favor of clear final awards that completely resolve the dispute originally

_____

evident mistake in the description of a person, thing, or property referred to in the award;

(2) The arbitrator has made an award on a claim not submitted to the arbitrator and the award may be corrected without affecting the merits of the decision upon the claims submitted; or

(3) The award is imperfect in a matter of form not affecting the merits of the decision on the claims submitted.

[9] HRS § 658A-20 (Supp. 2011) provides, in relevant part:

(d) If a motion to the court is pending under section 658A-22, 658A-23, or 658A-24, the court may submit the claim to the arbitrator to consider whether to modify or correct the award:

(1) Upon a ground stated in section 658A-24(a)(1) or (3);
(2) Because the arbitrator has not made a final and definite award upon a claim submitted by the parties to the arbitration proceeding; or
(3) To clarify the award.

(Emphasis added.)

9

submitted to the arbitrator." Weinberg, 140 F.Supp.2d at 722-723 (N.D. Tex. 2001) (internal quotation marks and citation omitted). "Where questions arise as to how an award should be implemented due to ambiguity in the award or intervening circumstances, judicial enforcement of the award is inappropriate and the matter should be remanded to the arbitrator for guidance." Nat'l Post Office Mail Handlers, Watchmen, Messengers and Grp. Leaders Div. of the Laborers Intern. Union of N. America, AFL-CIO, Local 311 v. U.S. Postal Service, 741 F.Supp. 1267, 1269 (N.D. Tex. 1990).

Here, the question is whether the Final Award is ambiguous as to Re/Max's and Vision's responsibility for payment of the attorney's fees and costs. If an ambiguity exists, the circuit court may, and indeed should, seek clarification from Arbitrator.

Section 4B of the Settlement Agreement set forth the obligations of Re/Max, Vision, and Ewald. They agreed to the following:

(1) Re/Max and Vision to co-list the Property for sale without commission charges to Plaintiffs;

(2) Re/Max and Vision to work with Plaintiffs to implement remedial work to bring the Property into compliance with zoning and building code requirements;

(3) Ewald, at her own cost and expense, to have the exterior of the Property painted;

(4) Re/Max and Vision to each advance $10,000 to Plaintiffs to be set off against the final amount owed by Re/Max and Vision to the Plaintiffs (Advance Payments);

(5) upon closing of the resale of the Property, Re/Max, Vision, and Ewald to reimburse Plaintiffs for such reasonable sums of money which Plaintiffs have expended for (a) the purchase of the Property which includes down payment, mortgage payments, taxes, improvements costs (not to exceed $35,000), utilities, and reasonable attorney's fees (not to exceed $15,000 expended in relation to Plaintiffs' claims), and (b) with a set-off for money

received by Plaintiffs from rental of the Property, mortgage interest deductions, and the Advance Payments (Carrillo Reimbursement).

The parties agreed the Carrillo Reimbursement would be paid from the net proceeds of the sale of the Property. If the net proceeds from the Property sale and Advance Payment were not sufficient to reimburse the Plaintiffs under the Carrillo Reimbursement, "then Re/Max, Vision and Ewald shall pay the [Plaintiffs] the shortfall in an equal amount subject to an allocation among Re/Max, Vision and Ewald of such sums of money or services previously provided."

Pursuant to the Settlement Agreement, "[i]n the event there is a dispute regarding the reasonable amount to be reimbursed to the [Plaintiffs] for their purchase of the Property," the parties agreed to submit to binding arbitration. On February 14, 2007, Plaintiffs filed a complaint in circuit court, alleging Re/Max and Vision had breached the Settlement Agreement. On May 19, 2009, Re/Max, subsequently joined by Vision, moved to compel binding arbitration pursuant to the Settlement Agreement. On July 13, 2009, the circuit court granted the motion to compel.

Because the parties disagreed as to the scope of the arbitration, Arbitrator had the parties enter into the Stipulation regarding the scope of the arbitration and his authority. The parties stipulated to the following:

> 1. At a minimum, the scope of the Arbitration shall encompass the arbitrator deciding whether the Settlement Agreement was breached by any of the Parties. The arbitrator is also specifically authorized to award the appropriate remedy to the non-breaching party or parties if he determines that the Settlement Agreement was breached.
>
> 2. The Arbitrator shall further determine the amount of the Carrillo Reimbursement as defined in Section 4B of the Settlement Agreement.
>
> 3. The Parties to this Stipulation are unable to agree on any other matters regarding the subject matter scope of the Arbitration.
>
> 4. Accordingly, the arbitrator shall in the exercise of his discretion decide what other issues, claims and/or

controversies, if any, are also within the scope of the Arbitration.

The arbitration proceedings were held on December 14, 15, 16 and 18, 2009. The parties submitted post-arbitration briefs and reply briefs, after which Arbitrator entered the Partial Award on April 15, 2010. The Settlement Agreement, the Stipulation, and any pre-arbitration rulings of Arbitrator were incorporated by reference into the Partial Award. Arbitrator made an award on all issues except Plaintiffs' attorney's fees and costs.

Pertinent to the argument before us are the following findings and conclusions of Arbitrator in the Partial Award:

99. Since all of the Defendants are deemed to have breached the Agreement, which superseded any and all underlying claims, only the Defendants herein are deemed to be equally liable for satisfying the totality of any monetary amount awarded in favor of the Plaintiffs.

100. The Arbitrator is not required to apportion between the Defendants, the payment of any award found owing to the Plaintiffs.

101. Both Defendants are found to have breached the Agreement.

102. Though the Arbitrator is not required to apportion the payment of any award owing to the Plaintiffs by the Defendants, it is determined that the Defendants herein, Re/Max and Vision, are both responsible for the breach of the Agreement, and therefore, are both responsible for satisfying any monetary award in favor of the Plaintiffs in this arbitration.
. . . .

AWARD
. . . .

D. The Defendants, Re/Max and Vision, are the non prevailing party in this arbitration.

E. The Plaintiffs are awarded the amount of $542,087.57.

F. The Defendants shall pay the total amount awarded to the Plaintiffs within 30 days after the date of this Partial Final Award of Arbitrator.

G. Any amounts not paid by the 31st day after the date of this Partial Final Award of Arbitrator shall accrue interest in the amount of 10 per cent simple per annum.

12

> H.  The Arbitrator reserves jurisdiction in this matter to [sic] solely to determine the amounts to be awarded to the Plaintiffs, as the prevailing party, for their reasonable attorney's fees and costs.

(Emphasis added.)

On May 5, 2010, Re/Max submitted a post-award "Motion for Modification, Correction and Clarification of [Partial Award]." Among other objections, Re/Max contended Paragraph 99 "requires clarification as to whether the Arbitrator is declaring the Defendants jointly and severally liable for the entire award." Without providing any clarification, Arbitrator denied Re/Max's motion.

On June 24, 2010, Arbitrator entered the Final Award, stating that

> Based upon the all of the above and the totality of the record, the Arbitrator AWARDS as follows:
>
> A.  The Defendants Re/Max Kauai and Elaine Schafer, [sic] and the Defendant/Third-Party Plaintiff Vision Properties, Inc. <u>shall pay to the Plaintiffs the total amount of $150,996.70</u>, consisting of the following:
>> a.  As and for attorneys fees $135,521.89,
>> b.  As and for costs $15,474.81.
>
> B.  The <u>Defendants Re/Max Kauai and Elaine Schafer [sic] shall pay to the Plaintiffs one half of the total amount of $150,966.70</u> within 30 days of the date of this Final Award of Arbitrator.
>
> C.  <u>Defendant/Third-Party Plaintiff Vision Properties, Inc. shall pay to the Plaintiffs one half of the total amount of $150,966.70</u> within 30 days of the date of this Final Award of Arbitrator.
>
> D.  The Defendants shall pay interest of 10 per cent simple per annum on any amounts unpaid as of the 31 day after the date of this Final Award of Arbitrator, until this award is satisfied.
>
> E.  The <u>Partial Final Award of Arbitrator dated April 15, 2010 is incorporated by reference</u> herein.

(Emphasis added.)

On July 27, 2010, Plaintiffs filed their Motion to Confirm. Plaintiffs contended that notwithstanding the language

of the Final Award, Re/Max and Vision were jointly and severally liable for the attorney's fees and costs. Before the circuit court, Plaintiffs stated "Vision has been a shell company for several years. There's no money." Unless Re/Max was held jointly liable, Plaintiffs would be denied one-half the award for attorney's fees and costs.

Plaintiffs argued Re/Max and Vision were jointly liable for the total amount owed because, in the Partial Award, Arbitrator had found Defendants "deemed to be equally liable for satisfying the totality of any monetary amount awarded in favor of plaintiffs." Plaintiffs pointed to paragraph 102 of the Partial Award, which provided: "Re/Max and Vision are both responsible for the breach of Agreement and, therefore, are both responsible for satisfying any monetary award in favor of plaintiffs in this arbitration." Plaintiffs also pointed to paragraph A in the Final Award, where Arbitrator stated Re/Max and Vision "shall pay to the Plaintiffs the total amount" of the attorney's fees and costs. Plaintiffs acknowledged Arbitrator went on to state Re/Max and Vision are each responsible for one-half of the total amount. But Plaintiffs argued the allocation statement merely meant if Vision did not pay, Re/Max had a cause of action against Vision. Plaintiffs asserted that because Arbitrator incorporated the Partial Award by reference, which stated Re/Max and Vision were "both responsible for satisfying any monetary award," then the plain meaning of the awards was Re/Max and Vision were jointly and severally liable.

Re/Max cites to contract case law for the proposition that a court should not look for an ambiguity outside the four corners of the Final Award. See State Farm Fire and Cas. Co. v. Pacific Rent-All, Inc., 90 Hawai'i 315, 324, 978 P.2d 753, 762 (1999) ("The court should look no further than the four corners of the document to determine whether an ambiguity exists."). "Hawaii looks only to the document to determine whether an

14

ambiguity exists, and strictly applies the parole evidence rule."
KL Group v. Case, Kay & Lynch, 829 F.2d 909, 916 (9th Cir. 1987)
(citing to Hawai'i contract law). Absent an ambiguity,
"contractual terms should be interpreted according to their
plain, ordinary meaning and accepted use in common speech."
State Farm Fire and Cas. Co., 90 Hawai'i at 324, 978 P.2d at 762.

In the instant case, the Settlement Agreement is the
contract. The subsequent Stipulation and awards seek to remedy a
breach of that contract. Arbitrator specifically ruled the
Settlement Agreement and Stipulation were to be incorporated by
reference into the Partial Award. The Final Award incorporated
by reference all the previous documents. Thus, the documents
must be read together.

We hold the Final Award is not ambiguous when read in
context with the preceding, related documents. Pursuant to the
Stipulation, Arbitrator was "specifically authorized to award the
appropriate remedy to the non-breaching party" and to "determine
the amount of the Carrillo Reimbursement as defined in Section 4B
of the Settlement Agreement." The parties also authorized
Arbitrator to exercise his discretion in deciding "what other
issues, claims and/or controversies" were within his scope of
authority.

The Partial Award determined all issues except for
attorney's fees and costs. In the Partial Award, Arbitrator
identified Re/Max and Vision as the responsible defendants. At
times, Arbitrator referred to the defendants separately as Re/Max
or Vision, and at other times, collectively as "Defendants."
Arbitrator determined that "Vision is deemed to be bound by any
and all actions and omissions of Re/Max in any determination of
whether both fulfilled any obligations of the Defendants under
the Agreement, and *vice versa*." Arbitrator further determined
"Defendants are required to reimburse the Plaintiffs all of the
items set forth in paragraph 94.b [in the Partial Award
referencing paragraph 4B of the Settlement Agreement]."

15

In the Partial Award, Arbitrator referred to Defendants Re/Max and Vision as one party. Defendants were to pay "the total amount awarded to the Plaintiffs within 30 days[.]" This amount did not include the award of attorney's fees and costs.

On its face, the Final Award apportions payment of attorney's fees and costs between Defendants Re/Max and Vision. Arbitrator determined Re/Max and Vision were to pay Plaintiffs "the total amount of $150.996.70" in attorney's fees and costs. Arbitrator then specified Re/Max and Vision were each to pay one-half the total amount.

Arbitrator incorporated by reference the Partial Award, the award Re/Max had argued needed clarification as to joint and several liability. In the Partial Award, Arbitrator concluded "the Defendants herein are deemed to be <u>equally liable for satisfying the totality of any monetary amount</u> awarded in favor of the Plaintiffs." (Emphasis added.) Arbitrator also "determined that the Defendants herein, Re/Max and Vision, are both responsible for the breach of the Agreement, and therefore, <u>are both responsible for satisfying any monetary award in favor of the Plaintiffs in this arbitration</u>." (Emphasis added.)

In keeping with the responsibilities defined in the Partial Award, Arbitrator determined in the Final Award both Re/Max and Vision were responsible for satisfying the monetary award related to attorney's fees and costs. Arbitrator defined how the responsibility would be met -- by each defendant paying one-half the total amount. Had Arbitrator intended Re/Max and Vision to be responsible for the other party's obligation as it related to attorney's fees and costs, he would not have specifically limited each defendant's responsibility to one-half the total amount.

There is no ambiguity as to what Arbitrator intended, even in light of the Partial Award. The Partial Award determined Re/Max and Vision were "both responsible for the breach" and "for satisfying any monetary award." In satisfying the monetary award

16

for attorney's fees and costs, Arbitrator determined Re/Max's and Vision's responsibilities would be satisfied by each paying one-half the total amount.

Regarding the attorney's fees and costs, the circuit court initially stated: "I guess there's ambiguity. The only thing I can do is ask Judge Yim to clarify that again." However, after argument, the circuit court found there was no ambiguity, on the premise the specific award took priority over the general award.

In the instant case, Arbitrator, in plain and unambiguous language, allocated responsibility for payment of the attorney's fees and costs equally between Re/Max and Vision, with no intention to make either party responsible for the other's payment. We conclude the circuit court did not err when it found no ambiguity and declined to seek clarification from Arbitrator.

B.    Re/Max's Cross-Appeal

On cross-appeal, Re/Max contends the circuit court erred when it failed to vacate, modify, correct, or clarify Arbitrator's awards despite alleged evidence that Arbitrator exceeded his scope of authority.

"The scope of an arbitrator's authority is determined by agreement of the parties. An arbitrator must act within the scope of the authority conferred upon him by the parties and cannot exceed his power by deciding matters not submitted." Clawson, 71 Haw. at 78, 783 P.2d at 1231. "[T]he parties may modify the agreement defining the scope of the arbitrator's powers and authority." Id. Arbitrators are accorded broad discretion in resolving disputes, and "where the parties agree to arbitrate, they thereby assume all the hazards of the arbitration process, including the risk that the arbitrators may make mistakes in the application of law and in their findings of fact." Schmidt, 113 Hawai'i at 165, 150 P.3d at 814 (citation omitted)). "[C]orrelatively, judicial review of an arbitration award is confined to the strictest possible limits." Id.

17

"Moreover, the courts have no business weighing the merits of the award." Id. at 166, 150 P.3d at 815.

Regarding arbitration, the Hawai'i Supreme Court has recognized "(1) the freedom and autonomy of parties to enter into an agreement for arbitration; (2) their right to provide the scope of the arbitrators' authority within such agreements; and (3) the broad discretion afforded to, and the limited judicial review of, the arbitrator in rendering awards." Kona Village Realty Inc. v. Sunstone Realty Partners, XIV, LLC, 123 Hawai'i 476, 477, 236 P.3d 456, 457 (2010).

Re/Max, Vision, and Plaintiffs entered into a Settlement Agreement that provided for binding arbitration "[i]n the event there is a dispute regarding the reasonable amount to be reimbursed to the [Plaintiffs] for their purchase of the Property." Subsequently, the parties stipulated to the scope of Arbitrator's authority, giving Arbitrator the authority to decide what issues, claims, and controversies were within the scope of arbitration. The parties also stipulated to Arbitrator's authority to "award the appropriate remedy to the non-breaching party . . . if he determines that the Settlement Agreement was breached."

Re/Max argues Arbitrator is limited by the considerations set forth in the Settlement Agreement. But, based on the Stipulation which broadly expanded his authority, Arbitrator is not so limited. Re/Max cites to no authority enabling the circuit court to ignore the effect of the Stipulation on the Settlement Agreement. Furthermore, "parties are not permitted to prove that an arbitrators [sic] erred as to the law or the facts of the case." Tatibouet, 99 Hawai'i at 233, 54 P.3d at 404 (quoting Wayland Lum Constr., Inc., 90 Hawai'i 417, 422, 978 P.2d 855, 860 (1999)). Therefore, the circuit court did not err when it determined Arbitrator did not exceed his scope of authority, even though the court believed it might have come up with a different result.

## IV.  CONCLUSION

The "Order (1) Granting in part and denying in part Plaintiffs' motion to confirm arbitration award and for entry of judgment, filed July 27, 2010, and (2) Granting in part and denying in part Defendants Re/Max Kauai and Elaine Schaefer's cross-motion to vacate, modify, correct and/or clarify partial final award of arbitrator dated April 15, 2010 and final award of arbitrator, dated June 24, 2010, filed August 12, 2010" filed in the Circuit Court of the Fifth Circuit on December 20, 2010 is affirmed.

DATED:  Honolulu, Hawai'i, May 3, 2012.

On the briefs:

Richard E. Wilson
for Plaintiffs-Appellants/
Cross-Appellees.

Sidney K. Ayabe
Ronald T. Michioka
(Ayabe, Chong, Nishimoto,
Sia & Nakamura)
for Defendants-Appellees/
Cross-Appellants Re/Max
Kaua'i and Elaine Schaefer.

Keith K. Hiraoka
Jodie D. Roeca
(Roeca Luria Hiraoka)
for Third-Party
Plaintiff-Appellee
Vision Properties, Inc.

Presiding Judge

Associate Judge

Associate Judge

19